NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | : : : : | |
| Plaintiff, | : : | Civil No. 19-17406 (RBK/JS) |
| v. | : : | **OPINION** |
| PAUL'S GASOLINE SERVICES, INC., CHHATTARPAL SINGH and BALBIR KAUR, | : : : : | |
| Defendants. | | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Truist Bank's[1] Motion for Default Judgment (Doc. No. 10). The motion is unopposed. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  **BACKGROUND**

   A. **Factual Background**

Plaintiff has brought this action against Defendants Paul's Gasoline Services, Inc. ("Paul's Gasoline"), Chhattarpal Singh, and Balbir Kaur alleging that the Defendants violated the terms of multiple promissory notes and guaranty agreements. (Doc. No. 1 ("Compl.") ¶¶ 50-115). Plaintiff is a North Carolina corporation, Paul's Gasoline is a New Jersey corporation, and Singh and Kaur are both New Jersey residents. (*Id.* at ¶¶ 1-4). According to Plaintiff's complaint, Paul's Gasoline executed two promissory notes and a revolving line of credit in favor of Plaintiff, each of which

---

[1] Since initiating this lawsuit, Plaintiff has changed its name to Truist Bank. (Doc. No. 10-2 at 5).

1

was guaranteed by both Singh and Kaur. (*Id.* at ¶¶ 8-29; Doc. Nos. 1-3, 1-4, 1-5, 1-7, 1-8, 1-9). Additionally, Plaintiff's complaint alleges that Mr. Singh and Mr. Kaur jointly executed two promissory notes that were each guaranteed by Paul's Gasoline. (*Id.* at ¶¶ 30-49; Doc. Nos. 1-10, 1-11, 1-12, 1-13). Under the terms of the guaranty agreements, Paul's Gasoline "absolutely and unconditionally" guaranteed full and punctual payment by Singh and Kaur. (Doc. Nos. 1-11, 1-13). This guaranty of payment and performance gave Plaintiff the right to pursue payment from Paul's Gasoline upon default even if it did not exhaust all other remedies. (*Id.*) Plaintiff further alleges that the Defendants breached the terms of these promissory notes and guaranty agreements by failing to remit payment. (Compl. at ¶¶ 50-115). Plaintiff has submitted evidence showing that it notified Defendants of the default and demanded payment. (Doc. No. 1-6, Doc. No. 8). Despite this notice and demand, Defendants have collectively failed to answer Plaintiff's Complaint or remit payment. (Doc. No. 10 at 6–8). Plaintiff seeks damages in the amount of $752,373.34, representing the outstanding balance on the loans, interest, late fees, and attorneys' fees. (*Id.* at 5).

### B. Procedural History

Plaintiff filed its complaint on August 29, 2019. After a motion to extend time for service by Plaintiff, which the Court granted on December 13, 2019, Defendants were finally served by a process server on January 9, 2020. (Doc. No. 8). Defendants were required to answer, move, or otherwise respond to Plaintiff's complaint by January 30, 2020. Upon Defendants' failure to answer, move, or otherwise respond to Plaintiff's complaint by the required date, Plaintiff requested an entry of default by the Clerk on January 31, 2020. (Doc. No. 9). Default was entered by the Clerk on February 3, 2020, and Plaintiff moved for default judgment on February 13, 2020.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to

enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit for cases to be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages. *Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *1 (D.N.J. Aug. 7, 2018).

### III. DISCUSSION

#### A. The Court's Jurisdiction

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and whether it may exercise personal jurisdiction over Defendants. *U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010).

This Court has subject-matter jurisdiction. Plaintiff alleges damages in excess of $75,000. It is a North Carolina corporation with its principal place of business in North Carolina, and Defendants are a New Jersey corporation with its principal place of business in New Jersey and two individuals who are citizens of New Jersey and domiciled in New Jersey. The parties are thus

completely diverse, and the claim meets the amount-in-controversy requirement of 28 U.S.C. § 1332. Therefore, the Court has subject-matter jurisdiction over this case.

Turning to personal jurisdiction, the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Ct. R. 4:4–4(c)). Consequently, the Court may exercise personal jurisdiction over Defendant Paul's Gasoline because it is a business incorporated in New Jersey with its principal place of business in New Jersey. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) (holding that corporations "may be sued on any and all claims" in their state of incorporation and the state in which in their principal place of business is located). Further, the Court may exercise personal jurisdiction over Defendants Singh and Kaur because they are both New Jersey citizens residing in the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

### B. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, Plaintiff certified service of Defendants on January 9, 2020. (Doc. No. 8). Defendants have made no attempt to answer or defend the action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a) on February 3, 2020.

### C. Fitness of Defendant

Third, the Court must confirm that the defaulting parties are not infants or incompetent persons,

or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C.A. § 3931. Section 3931(b)(1) requires Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" before the Court can enter default judgment for the plaintiff. Obviously, neither of these requirements apply to Defendant Paul's Gasoline because it is a corporation. Thus, Paul's Gasoline is fit for default judgment.

However, Plaintiff has failed to allege that Defendants Singh and Kaur are not infants or incompetent persons, thus failing to show that Defendants are fit for default judgment under Rule 55(b)(2). Additionally, Plaintiff has offered no evidence and has made no claim regarding Defendants' military status, thus failing to show that Defendants are fit for default judgment under Section 3931(b)(1). The Court must deny default judgment when Plaintiff fails to sufficiently meet these requirements. *See Dorval v. Fitzsimmons*, No. 18-15, 2020 WL 376989, at *6 (D.V.I. Jan. 23, 2020) (denying plaintiff's default judgment motion as procedurally deficient because it did not include an affidavit of non-military service); *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2017 WL 748330, at *3 (D.N.J. Feb. 27, 2017) (denying plaintiff's default judgment motion when plaintiff failed to allege sufficient facts to show whether or not the defendant was in military service).

Therefore, Plaintiff has not provided the necessary proof that Defendants Singh and Kaur are fit for default judgment. Accordingly, the Court will not proceed further with the default judgment analysis regarding these two Defendants and will only proceed with the analysis for Paul's Gasoline. Plaintiff's motion for default judgment will be denied without prejudice as it pertains to Defendants Singh and Kaur.

### D.  Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. The Court should accept well-pleaded factual allegations while disregarding mere legal conclusions. *DirecTV v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). Under New Jersey law, in order to state a cause of action to enforce any kind of contract, including promissory notes and guarantees, a Plaintiff must allege (1) there was a contract between the parties; (2) there was a breach of that contract; (3) damages flowed from that breach; and (4) Plaintiff performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Here, Plaintiff has sufficiently stated a cause of action as to Paul's Gasoline in its Complaint. First, it claims that the parties had a contract. (Compl. at ¶¶ 8, 19, 31, 41). Plaintiff explains in detail and provides copies of the notes and guaranty agreements that Paul's Gasoline executed in favor of Plaintiff. (Doc. Nos. 1-3, 1-7, 1-11, 1-13). Second, Plaintiff claims that Paul's Gasoline breached the contract by not remitting payment to Plaintiff. (*Id.* at ¶¶ 52, 72, 99, 112). Under the terms of the notes, Paul's Gasoline is responsible for paying the principal and interest payments to Plaintiff (Doc. Nos. 1-3, 1-7). Additionally, Paul's Gasoline was responsible for payment and performance of both notes executed by Singh and Kaur upon default, even if Plaintiff has other remedies available to it. (Doc. Nos. 1-11, 1-13). Third, Plaintiff claims that it suffered damages as a result of the breach. (*Id.* at ¶¶ 53, 73, 100, 113). Finally, Plaintiff claims that it performed its own contractual obligations. (*Id.* at ¶¶ 8-10, 19-21, 30-31, 40-41). Thus, Plaintiff has adequately pled a cause of action in this case.

### E. Emasco Factors

Fifth, the Court must consider the *Emasco* factors: (1) whether the defaulting party has a meritorious defense; (2) whether Plaintiff will suffer prejudice if default is denied; and (3) whether

the defaulting party is culpable in bringing about default. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

### i. Meritorious Defense

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). If the defendant does not respond, the Court cannot determine whether or not the defendant has any meritorious defenses, and the factor points in favor of granting default judgment against the defendant. *Teamsters Health & Welfare Fund of Philadelphia v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). Here, Defendant Paul's Gasoline has not articulated a meritorious defense because it has not appeared, answered or defended itself. Thus, this factor points towards granting Plaintiff's motion for default judgment against Defendant Paul's Gasoline.

### ii. Prejudice to Plaintiff

Prejudice occurs when "a plaintiff has no other means to vindicate rights and recover damages." *Trs. of the BAC Local 4 Pension Fund v. Danaos Group LLC*, No. 18-15551, 2019 WL 3453270, at *2 (D.N.J. July 31, 2019). If a plaintiff is unable to prosecute its case, engage in discovery, or obtain a final outcome on its claims—whatever that outcome might be—it will face prejudice in being denied default judgment. *Id.* However, delay in obtaining an outcome will not be sufficient to deny a motion by the defendant to vacate a default judgment. *Gant v. Advanced Elec., Inc.*, No. 16-1954, 2017 WL 3638762, at *2 (D.N.J. Aug. 23, 2017). Here, because Paul's Gasoline has failed to appear or answer, Plaintiff will suffer prejudice if it does not receive default judgment because it has no other means of vindicating its claim. Additionally, Defendant has not

moved to vacate default judgment. Thus, this factor points towards granting Plaintiff's motion for default judgment against Defendant Paul's Gasoline.

### iii. Defendant's Culpability

Culpable conduct is conduct that displays "willfulness" or "bad faith" and amounts to "more than mere negligence." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017). Culpable conduct can be shown by a "reckless disregard for repeated communications from plaintiffs and the court." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). In fact, if a defendant fails to answer, move, or otherwise respond to an action, culpability will be presumed. *See Teamsters Health*, 2012 WL 3018062, at *4 (holding defendant's failure to answer demonstrated a presumption of culpability). However, innocent or mere mistake will not show culpable conduct. *Nationwide*, 175 F. App'x at 523.

Here, the Court should presume culpability on part of Defendant Paul's Gasoline because it has failed to respond, answer, or involve itself in this case in any way and it has done nothing to overcome this presumption. At no point during this action has Defendant Paul's Gasoline answered any filing or correspondence of Plaintiff. Thus, all of the *Emasco* factors point towards granting Plaintiff's motion for default judgment against Defendant Paul's Gasoline.

### F. Damages

Finally, the Court must determine the appropriate amount of damages to be awarded. Under Rule 55(b)(1), when a plaintiff's claim against a defendant is for "a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter Judgment for the amount and costs against defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person." The Court

may order a plaintiff to provide additional clarifying information to justify the damages sought or conduct a hearing to determine the amount of damages owed by the defendant. *Doe*, 2013 WL 3772532, at *2. However, the Court is not required to hold a hearing when the plaintiff has adequately provided affidavits and documentary evidence supporting its claim for damages. *Id.* at *3. Thus, if the damages are a certain sum, further evidentiary inquiry is not required for a district court to enter final judgment. *Bds. of Trs. Of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc.*, No. 06-1795, 2006 WL 3308578 (D.N.J. Nov. 13, 2006).

Here, Plaintiff's claim against Defendant Paul's Gasoline is for a "sum certain or for a sum which can by computation be made certain." Additionally, Defendant Paul's Gasoline has been defaulted for failure to appear and it is not an infant or incompetent person. Thus, the amount of damages to be awarded here is the sum attributable to Defendant Paul's Gasoline for its failure to remit payment under the terms of the promissory notes and guaranty agreements that it executed in favor of Plaintiff. *See Sharon v. Chery*, Civ. No. 15-7130, 2017 WL 3206938, at *2-3 (D.N.J. July 28, 2017) (entering default judgment against Defendant for failure to remit payment under terms of a promissory note when Defendant did not respond to Plaintiff's pleading). As Plaintiff adequately shows in its affidavits and its motion for default judgment, Paul's Gasoline is responsible for damages arising from the notes that it executed in favor of Plaintiff and the guaranty agreements that it executed in favor of Plaintiff pursuant to the notes executed by Mr. Singh and Mr. Kaur. (Doc. Nos. 1-3, 1-7, 1-11, 1-13 ). Plaintiff has sufficiently outlined the damages resulting from the breach of these notes and guaranty agreements including the principal, the various interest fees, and various late fees, by attaching the actual loan documents and providing affidavits explaining the specific amounts due. *See Sharon*, 2017 WL 3206938, at *3 (awarding Plaintiff the principal and interest when adequately supported by loan documents).

First, Plaintiff seeks damages for the remaining principal of the four loans in the amount of $620,346.88 ($338,678.68 under Paul's Gasoline Note 1 (Doc. No. 1-3); $6,341.54 under Paul's Gasoline Note 2 (Doc. No. 1-7) ; $267,084.16 under Singh and Kaur Note 1 (Doc. No. 1-10); and $8,242.50 under Singh and Kaur Note 2  (Doc. No. 1-12)). Plaintiff's right to the remaining principal is established by the underlying loan documents, and its calculation of the outstanding balance on the loans is adequately supported by the Certification of Kenny Wendel, an Asset Manager employed by Plaintiff. (Doc. No. 10-3 at 4–5).

Second, Plaintiff seeks damages for the interest due on the principal of the four loans in the amount of $40,429.31 ($24,004.52 under Paul's Gasoline Note 1; $462.04 under Paul's Gasoline Note 2; $15,474.25 under Singh and Kaur Note 1; and $488.50 under Singh and Kaur Note 2). (Doc. No. 10-3 at 4–5). Plaintiff has sufficiently shown that the interest under Paul's Gasoline Note 1 was calculated at a variable interest rate with an additional 4.00% following default. (Doc. No. 1-3). Plaintiff has sufficiently shown that the interest under Paul's Gasoline Note 2 was calculated at a fixed interest rate of 6.75% with an additional 4.00% following default. (Doc. No. 1-7). Plaintiff has sufficiently shown that the interest under Singh and Kaur Note 1 was calculated at a variable interest rate with an additional 4.00% following default. (Doc. No. 1-10). Finally, Plaintiff has sufficiently shown that the interest under Singh and Kaur Note 2 was calculated at a fixed interest rate of 5.56% with an additional 4.00% following default. (Doc. No. 1-12). Further, Plaintiff has sufficiently supported its calculation of the interest due under these loans by submitting the Certification of Kenny Wendel. (Doc. No. 10-3 at 4–5).

Third, Plaintiff seeks damages for late charges under Paul's Gasoline Note 2 in the amount of $362.05. Plaintiff has sufficiently shown that late charges under Paul's Gasoline Note 2 was calculated at 5.00% of the regularly scheduled payment or $20.00, whichever is greater. (Doc. No.

1-7). Again, Plaintiff's calculation of $362.50 in outstanding late charges is supported by the Certification of Kenny Wendel. (Doc. No. 10-3 at 5).

Fourth, Plaintiff seeks damages for various other fees such as title insurance, appraisal/evaluations, environmental risk management, and property taxes pursuant to Paul's Gasoline Note 1 and Singh and Kaur Note 1 in the amount of $43,647.10. (Doc. No. 10-3 at 4–5). However, Plaintiff does not provide any support for seeking these damages and does not point to anywhere in the loan documents that provides support for seeking these fees or how it arrived at the various amounts. Thus, the Court denies this request without prejudice.

Additionally, pursuant to the loan documents provided, Plaintiff is seeking to recover attorneys' fees. New Jersey normally does not allow for the shifting of attorneys' fees, unless it is expressly provided for by statute, court rule, or contract. *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202, 167 N.J. 427, 440 (2001). In this case, the loan documents pursuant to the notes and the guaranty agreements executed by Defendant Paul's Gasoline specifically state that in case of default, the lender may collect attorneys' fees from the borrower. (Doc. Nos. 1-3, 1-7, 1-11, 1-13). Thus, awarding attorneys' fees is appropriate because the shifting of attorneys' fees here is provided for by contract. *See CIT Fin. USA, Inc. v. Lopez*, Civ. No. 05-722, 2006 WL 2335578, at *3 (D.N.J. Aug. 9, 2006) (holding that Plaintiff was entitled to attorneys' fees pursuant to an express term in a note and guaranty agreement).

However, the Court must still ensure that the attorneys' fees are reasonable. New Jersey uses the "lodestar" method when calculating the reasonableness of attorneys' fees which ensures reasonability by multiplying the number of hours expended by the prevailing party by a reasonable hourly rate. *Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 447, 182 N.J. 1, 21 (2004). Rule of Professional Conduct 1.5(a) requires the court to consider multiple factors when determining

reasonableness including time and labor required, fees customarily charged for similar services, and the experience reputation and ability of the lawyers performing the service. Plaintiff's affidavit complies with Local Civil Rule 54.2 by explaining the services that the attorneys provided to Plaintiff and certifying that three different attorneys worked on the case: one for 3.8 hours at a rate of $347.00/hour; one for 11.4 hours at a rate of $299.00/hour; and one for 22.5 hours at a rate of $295.00/hour. Carobus Cert. ¶ 10-15. When added to filing and service fees, total attorneys' fees and costs are $11,897.00. The Court finds that this is a reasonable fee in light of the nature of the case and the services rendered. *See Lopez*, 2006 WL 2335578, at *3 (finding attorneys' fees reasonable when the attorneys provided levels of experience, hourly rates, number of hours billed, and legal services rendered).

Therefore, the Court will award damages totaling $661,138.24 to Plaintiff representing the total amount due under the two notes and two guaranty agreements executed by Paul's Gasoline, plus $11,897.00 in attorneys' fees, plus continuing interest at the rates set forth in the loan documents.

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**; judgment shall be entered against Defendant Paul's Gasoline only in the amount of $661,138.24 plus $11,897.00 in attorney's fees, plus continuing interest. Plaintiff may file a renewed Motion for Default Judgment against Singh and Kaur and/or file an application for the $43,647.10 in miscellaneous expenses on or before July 23, 2020. An order follows.

Dated: July 2, 2020                                              /s/ Robert. B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge