NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | : : : | |
| Plaintiff, | : : | Civil No. 19-17406 (RBK/JS) |
| v. | : : | **OPINION** |
| PAUL'S GASOLINE SERVICES, INC., CHHATTARPAL SINGH and BALBIR KAUR, | : : : : | |
| Defendants. | | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff' Truist Bank's Motion for Default Judgment (Doc. No. 14) and Application for Expenses (Doc. No. 15). The motions are unopposed. For the reasons set forth below, Plaintiff's Motion for Default Judgment is **GRANTED** with the exception of the application for attorney's fees, and the Motion for Application of Expenses is also **GRANTED**.

## I.     BACKGROUND

### A.  Factual Background

Plaintiff has brought this action against Defendants Paul's Gasoline Services, Inc. ("Paul's Gasoline"), Chhattarpal Singh, and Balbir Kaur alleging the Defendants violated the terms of multiple promissory notes and guaranty agreements. (Doc. No. 1 ("Compl.") ¶¶ 50–115). Plaintiff is a North Carolina corporation, Paul's Gasoline is a New Jersey corporation, and

Mr. Singh and Mr. Kaur are both New Jersey residents. (*Id.* at ¶¶ 1–4). According to Plaintiff's complaint, Paul's Gasoline executed a promissory note and a revolving line of credit in favor of Plaintiff, each of which was guaranteed by both Mr. Singh and Mr. Kaur. (*Id.* at ¶¶ 8–29). Additionally, Plaintiff's complaint alleges that Mr. Singh and Mr. Kaur jointly executed two promissory notes that were each guaranteed by Paul's Gasoline. (*Id.* at ¶¶ 30–49). Under the terms of the guaranty agreements, the guarantor "absolutely and unconditionally" guaranteed full and punctual payment by the borrower. (*Id.* at Ex. 2, 3, 9, 11). This guaranty of payment and performance gave Plaintiff the right to pursue payment from Paul's Gasoline and Mr. Singh and Mr. Kaur upon default even if it did not exhaust all other remedies. (*Id.*). Plaintiff further alleges that the Defendants breached the terms of these promissory notes and guaranty agreements by failing to remit payment. (*Id.* at ¶¶ 50–115). Plaintiff has submitted evidence showing that it notified Defendants of the default and demanded payment. (Doc. No. 8). Despite this notice and demand, Defendants have collectively failed to answer Plaintiff's complaint or remit payment. (Doc. No. 14-1 at 5). Plaintiff seeks damages in the amount of $751,490.75, representing the principal, interest, late fees, and attorneys' fees. (Doc. No. 14-2).

### B. Procedural History

Plaintiff filed its complaint on August 29, 2019. (Doc. No. 1). After a motion to extend time for service by Plaintiff, which the Court granted on December 13, 2019, Defendants were finally served by a process server on January 9, 2020. (Doc. No. 8). Defendants were required to answer, move, or otherwise respond to Plaintiff's complaint by January 30, 2020. Upon Defendants' failure to answer, move, or otherwise respond to the complaint by the required date, Plaintiff requested entry of default by Clerk on January 31, 2020. (Doc. No. 9). Entry of default was entered on February 3, 2020, and Plaintiff moved for default judgment on February 13,

2020. (Doc. No. 10). On July 6, 2020, this Court granted default judgment with respect to Paul's Gasoline but denied the motion with respect to Defendants Mr. Singh and Mr. Kaur because Plaintiff failed to show they were fit for default judgment. (Doc. No. 12, 13). Less than a month later, Plaintiff filed the current motion—a renewed motion for default judgment with respect to Defendants Mr. Singh and Mr. Kaur. (Doc. No. 14).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages. *Slaughter v. Moya*, Civ. No. 17-6767, 2018 WL 3742622, at *1 (D.N.J. Aug. 7, 2018).

## III.   DISCUSSION

### A.  The Court's Jurisdiction

3

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and whether it may exercise personal jurisdiction over Defendants. *U.S. Life Ins. Co. in N.Y.C. v. Romash*, Civ. No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010).

This Court has subject-matter jurisdiction. Plaintiff alleges damages in excess of $75,000. Likewise, Plaintiff is a North Carolina corporation with its principal place of business in North Carolina, and Defendants are individuals who are citizens of New Jersey and domiciled in New Jersey. The parties are thus completely diverse, and the cause of action meets the amount-in-controversy requirement of 28 U.S.C. § 1332. Therefore, the Court has subject-matter jurisdiction over this cause of action.

Turning to personal jurisdiction, the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)). Consequently, the Court may exercise personal jurisdiction over Defendants Mr. Singh and Mr. Kaur because they are both New Jersey citizens residing in the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

### B.  Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, Plaintiff certified service of Defendants on

January 9, 2020. Defendants have made no attempt to answer or defend the action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a) on February 3, 2020.

### C.  Fitness of Defendant

Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C.A. § 3931. Section 3931(b)(1) requires Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" before the Court can enter default judgment for the plaintiff.

Plaintiff has demonstrated that Defendants Mr. Singh and Mr. Kaur are fit for default judgment. Plaintiff has alleged that Defendants are not minors or incompetent persons because they signed the promissory notes and guarantees. Likewise, Plaintiff has attached a copy of Status Reports from the Department of Defense Manpower Data Center showing that Defendants are not active members of the military service as defined in the Servicemembers Civil Relief Act. *Bank of Nova Scotia v. Robinson*, No. CV 2016-0019, 2018 WL 1513269, at *3 (D.V.I. Mar. 27, 2018) (concluding plaintiff had satisfied the requirements necessary to obtain a default judgment against defendants because plaintiff provided a copy of status reports from the Department of Defense Manpower Data Center showing the defendants were not active military members). Accordingly, Plaintiff has provided the necessary proof that Defendants Singh and Kaur are fit for default judgment.

### A.  Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendants. The Court should accept well-pleaded factual allegations while disregarding mere legal conclusions. *DirecTV v. Asher*, No. 03-1969, 2006 WL 680533, at *1

(D.N.J. Mar. 14, 2006). Under New Jersey law, in order to state a cause of action to enforce any kind of contract, including promissory notes and guarantees, a Plaintiff must allege (1) there was a contract between the parties; (2) there was a breach of that contract; (3) damages flowed from that breach; and (4) Plaintiff performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Here, Plaintiff has sufficiently stated a cause of action as to Defendants Mr. Singh and Mr. Kaur for the four promissory notes executed in favor of Plaintiff. First, it claims that the parties had a contract. (Compl. at ¶¶ 9, 10, 20, 21, 30, 40). Plaintiff explains in detail and provides copies of the notes and guaranty agreements that Mr. Singh and Mr. Kaur executed in favor of Plaintiff. (*Id.* at Ex. 2, 3, 8, 10). Second, Plaintiff claims that Mr. Singh and Mr. Kaur breached the contract by not remitting payment to Plaintiff. (*Id.* at ¶¶ 59, 66, 79, 86, 92, 105). Under the terms of the notes, Mr. Singh and Mr. Kaur were responsible for paying the principal and interest payments to Plaintiff (*Id.* at Ex. 8, 10). Additionally, Mr. Singh and Mr. Kaur were responsible for payment and performance of both notes executed by Paul's Gasoline upon default, even if Plaintiff has other remedies available to it. (*Id.* at Ex. 2, 3). Third, Plaintiff claims that it suffered damages as a result of the breach. (*Id.* at ¶¶ 60, 67, 80, 87, 93, 106). Finally, Plaintiff claims that it performed its own contractual obligations. (*Id.* at ¶¶ 8–10, 19–21, 30–31, 40–41). Thus, Plaintiff has adequately pled a cause of action in this case.

### B. **Emasco Factors**

Fifth, the Court must consider whether the defaulting party has a meritorious defense; whether Plaintiff will suffer prejudice if default is denied; and whether the defaulting party is culpable in bringing about default. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

### i.  Meritorious Defense

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). If the defendant does not respond, the Court cannot determine whether the defendant has any meritorious defenses, and the factor points in favor of granting default judgment against the defendant. *Teamsters Health & Welfare Fund of Philadelphia v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). Here, Defendants Mr. Singh and Mr. Kaur have not articulated a meritorious defense because they have not appeared, answered or defended themselves. Thus, this factor points towards granting Plaintiff's motion for default judgment against Defendants Mr. Singh and Mr. Kaur.

### ii.  Prejudice to Plaintiff

Prejudice occurs when "a plaintiff has no other means to vindicate rights and recover damages." *Trs. of the BAC Local 4 Pension Fund v. Danaos Group LLC*, Civ. No. 18-15551, 2019 WL 3453270, at *2 (D.N.J. July 31, 2019). If a plaintiff is unable to prosecute its case, engage in discovery, or obtain a final outcome on its claims—whatever that outcome might be— it will face prejudice in being denied default judgment. *Id.* However, delay in obtaining an outcome will not be sufficient to deny a motion by the defendant to vacate a default judgment. *Gant v. Advanced Elec., Inc.*, Civ. No. 16-1954, 2017 WL 3638762, at *2 (D.N.J. Aug. 23, 2017). Here, because Mr. Singh and Mr. Kaur have failed to appear or answer, Plaintiff will suffer prejudice if it does not receive default judgment because it has no other means of vindicating its claim. Additionally, Defendants have not moved to vacate default judgment.

Thus, this factor points towards granting Plaintiff's motion for default judgment against Defendants Mr. Singh and Mr. Kaur.

### iii.  Defendant's Culpability

Culpable conduct is conduct that displays "willfulness" or "bad faith" and amounts to "more than mere negligence." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017). Culpable conduct can be shown by a "reckless disregard for repeated communications from plaintiffs and the court." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). In fact, if a defendant fails to answer, move, or otherwise respond to an action, culpability will be presumed. *See Teamsters Health*, 2012 WL 3018062, at *4 (holding defendant's failure to answer demonstrated a presumption of culpability). However, innocent or mere mistake will not show culpable conduct. *Nationwide*, 175 Fed. App'x at 523.

Here, the Court will presume culpability on the part of Defendants Mr. Singh and Mr. Kaur because they have failed to respond, answer, or otherwise defend themselves in this case in any way and have done nothing to overcome this presumption. At no point during this action have Defendants answered any filing or correspondence of Plaintiff. Thus, all of the *Emasco* factors point towards granting Plaintiff's motion for default judgment against Defendants Mr. Singh and Mr. Kaur.

### C.  Damages

Finally, the Court must determine the appropriate amount of damages to be awarded. Under Rule 55(b)(1), when a plaintiff's claim against a defendant is for "a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter Judgment for the amount and costs against defendant, if

the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person." The Court may order a plaintiff to provide additional clarifying information to justify the damages sought or conduct a hearing to determine the amount of damages owed by the defendant. *Doe*, 2013 WL 3772532, at *2. However, the Court is not required to hold a hearing when the plaintiff has adequately provided affidavits and documentary evidence supporting its claim for damages. *Id.* at *3. Thus, if the damages are a certain sum, further evidentiary inquiry is not required for a district court to enter final judgment. *Bds. of Trs. Of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc.*, Civ. No. 06-1795, 2006 WL 3308578 (D.N.J. Nov. 13, 2006).

Here, Plaintiff's claim against Defendants Mr. Singh and Mr. Kaur is for a "sum certain or for a sum which can by computation be made certain." Additionally, Defendants Mr. Singh and Mr. Kaur have been defaulted for failure to appear and they are not an infant or incompetent person. Thus, the amount of damages to be awarded here is the sum attributable to Mr. Singh and Mr. Kaur for their failure to remit payment under the terms of the promissory notes and guaranty agreements that it executed in favor of Plaintiff. *See Sharon v. Chery*, Civ. No. 15-7130, 2017 WL 3206938, at *2–*3 (D.N.J. July 28, 2017) (entering default judgment against defendant for failure to remit payment under terms of a promissory note when defendant did not respond to Plaintiff's pleading). As Plaintiff shows in its affidavits and its motion for default judgment, Mr. Singh and Mr. Kaur are responsible for the damages arising from the notes and guaranty agreements it executed in favor of Plaintiff. (Doc. No. 1, Compl. at Ex. 1–3; 5–11). Plaintiff has sufficiently outlined the damages resulting from the breach of these notes and guaranty agreements including the principal, the various interest fees, and various late fees, by attaching the actual loan documents and providing affidavits explaining the specific amounts due. *Id.*; *see*

*Sharon*, 2017 WL 3206938, at *3 (awarding plaintiff the principal and interest when adequately supported by loan documents).

First, Plaintiff seeks damages for the remaining principal of the four loans in the amount of $620,346.88 ($338,678.68 under Paul's Gasoline Note 1 (Doc. No. 1-3); $6,341.54 under Paul's Gasoline Note 2 (Doc. No. 1-7); $267,084.16 under Singh and Kaur Note 1 (Doc. No. 1-10); and $8,242.50 under Singh and Kaur Note 2 (Doc. No. 1-12)). These amounts are amply established by the loan documents provided by Plaintiff, and its calculation of the outstanding balance on the loans is adequately supported by the Certification of Kenny Wendel, an Asset Manager employed by Plaintiff. (Doc. No. 14-2 at 4–5).

Second, Plaintiff seeks damages for the interest due on the principal of the four loans in the amount of $40,429.31 ($24,004.52 under Paul's Gasoline Note 1; $462.04 under Paul's Gasoline Note 2; $15,474.25 under Singh and Kaur Note 1; and $488.50 under Singh and Kaur Note 2). (Doc. No. 14-2 at 4–5). Plaintiff has sufficiently shown that the interest under Paul's Gasoline Note 1 was calculated at a variable interest rate with an additional 4.00% following default. (Doc. No. 1-3). Plaintiff has sufficiently shown that the interest under Paul's Gasoline Note 2 was calculated at a fixed interest rate of 6.75% with an additional 4.00% following default. (Doc. No. 1-7). Plaintiff has sufficiently shown that the interest under Singh and Kaur Note 1 was calculated at a variable interest rate with an additional 4.00% following default. (Doc. No.1-8). Finally, Plaintiff has sufficiently shown that the interest under Singh and Kaur Note 2 was calculated at a fixed interest rate of 5.56% with an additional 4.00% following default. (Doc. No.1-10). Therefore, Plaintiff has shown that it should receive damages for accrued and continuing interest.

Third, Plaintiff seeks damages for late charges under Paul's Gasoline Note 2 in the amount of $362.05. (Doc. No. 14-2 at 4–5). Plaintiff has sufficiently shown that late charges under Paul's Gasoline Note 2 was calculated at 5.00% of the regularly scheduled payment or $20.00, whichever is greater. (Doc. No. 1-5).

Fourth, Plaintiff seeks reimbursement for title insurance, appraisal/evaluations, environmental risk management, and property taxes pursuant to Paul's Gasoline Note 1 and Singh and Kaur Note 1 in the amount of $42,764.51. (Doc. No. 15-6). Federal Rule of Civil Procedure 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1); *Days Inns Worldwide, Inc. v. Mimar Inv. Co*., No. CIV. 11-3219 WHW, 2012 WL 924336, at *4 (D.N.J. Mar. 19, 2012) (awarding costs to the plaintiff in a motion for default judgment because the defendant agreed in the licensing agreement to pay all costs and expenses and plaintiff provided supporting documentation). Plaintiff has provided support for these costs and expenses by attaching the loan documents and notes, and the calculation of the total expenses and fees owed is adequately supported by the Certification of Kenny Wendel, an Asset Manager employed by Plaintiff. (Doc. No. 15-6, 15-7, 15-8, 15-9, 15-10). Therefore, Plaintiff has shown that it should be reimbursed for all cost and expenses listed above.

Additionally, pursuant to the loan document, Plaintiff seeks to recover attorney's fees incurred in connection with this matter and for any fees that may be incurred to enforce the judgment entered in favor of Plaintiff. As this Court previously held, the terms of the promissory note allow Plaintiff to seek attorney's fees. However, this Court has already awarded Plaintiff attorney's fees in connection with the filing of this motion. Thus, to the extent Plaintiff is seeking $11,897.00 in attorneys' fees that were already awarded, it is denied. Likewise, to the extent

Plaintiff is seeking attorney's fees in connection with filing this renewed motion for default judgment, it is also denied without prejudice. Plaintiff has not submitted updated documentation show the timing expended on this matter, which prevents this Court from conducting the lodestar calculation. *Reser's Fine Foods, Inc. v. Van Bennett Food Co.*, No. 5:15-CV-0738, 2015 WL 6103637, at *6 (E.D. Pa. Oct. 16, 2015) (denying without prejudice the plaintiff's motion for attorney's fee because the motion did not provide sufficient information for the court to perform the lodestar calculation).[1]

Therefore, the Court will award damages totaling $703,902.75 to Plaintiff representing the total amount due under the two notes and two guaranty agreements executed by Defendants Mr. Singh and Mr. Kaur, plus continuing interest from and after February 4, 2020, at the rates specified in the loan documents, and the costs and expenses incurred.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is **GRANTED** with the exception of the application for attorney's fees. Because we **DENIED** without prejudice this application for attorney's fees, Plaintiff may submit further documentation to support it. Plaintiff's Motion for Application of Expenses is also **GRANTED**. Judgment shall be entered against Defendants Singh and Kaur in the amount of $703,902.75. An order follows.

Dated:  2/19/2021                                        s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[1] Plaintiff's motion is unclear. The certification states "[f]rom June 7, 2019 through February 4, 2020, Truist incurred attorneys' fees and costs in this matter *totaling* $11,897.00" but then Plaintiff adds this amount to each note when calculating the amount owed. This would mean the attorney's fees totaled $47,588.00 even though Plaintiff's certification states the total is $11,897.00.